UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
  YEAKUB SAJIB,                                             :
                                                            :
                                                            :  **MEMORANDUM DECISION**
                             Plaintiff,                     :  **AND ORDER**
                                                            :
          - against -                                       :  21-cv-07039 (BMC)
                                                            :
  TRACY RENAUD; ALEJANDRO                                   :
  MAYORKAS, TEXAS SERVICE CENTER,                           :
  U.S. ATTORNEY GENERAL MERRICK                             :
  GARLAND, JOHN DOES 1 – 10, JANE                           :
  DOES 1 – 10, and ABC AGENCY 1–10,                         :
                                                            :
                             Defendants.                    :
----------------------------------------------------------- X

**COGAN**, District Judge.

Plaintiff, an immigrant with asylee status, seeks a writ of mandamus under 28 U.S.C. § 1361, or a declaration and injunction under the Administrative Procedure Act (APA), 5 U.S.C. § 706(a), compelling defendants, who are officials of the immigration authorities, to adjudicate his application for an adjustment of his immigration status to permanent resident. Before me is defendants' motion to dismiss. For the reasons below, defendants' motion is GRANTED.

## BACKGROUND

Plaintiff is a national of Bangladesh. He was granted asylee status on December 19, 2018. Just over one year after receiving asylum, plaintiff filed an I-485 application to adjust his status to permanent resident, which was received on January 13, 2020 by immigration officials at the United States Customs and Immigration Services' Texas Service Center ("USCIS"). USCIS has not yet adjudicated his petition.

On December 21, 2021, slightly less than twenty-three months after filing his I-485, plaintiff filed the instant action. He alleges that this delay is unreasonable. On March 30, 2022,

following the commencement of this action, USCIS issued to plaintiff a Request for Evidence ("RFE"). The RFE is currently pending.

## DISCUSSION

### I.      Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570).

In applying this standard, a court accepts as true all well-pleaded factual allegations but does not credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." Id.  When a court can infer no more than the mere possibility of misconduct from the factual averments – in other words, where the well-pled allegations of a complaint have not "nudged [plaintiff's] claims across the line from conceivable to plausible" – dismissal is appropriate. Twombly, 550 U.S. at 570.

### II.     Mootness

Because defendant has issued an RFE, plaintiff's claims are moot. Defendants have taken the next step in this process so there is no reason for this Court to compel them to do so. See Ye v. Kelly, 17-cv-3010, 2017 WL 2804932, at *1 (E.D.N.Y. June 28, 2017).  With an RFE pending, "[j]udicial intervention in this case would necessarily involve an intrusion into the defendants' allocation of adjudicatory resources on the whole, and that is something [the] Court is 'institutionally ill-equipped to do.'" Meixian Ye v. Kelly, No. 17 CIV. 3010, 2017 WL 2804932, at *2 (E.D.N.Y. June 28, 2017) (quoting Los Coyotes Band of Cahuilla & Cupeno

Indians v. Jewell, 729 F.3d 1025, 1038 (9th Cir. 2013)).  When an action becomes moot, it must be dismissed as "the federal courts lack subject matter jurisdiction over the action."  Doyle v. Midland Credit Mgmt., Inc., 722 F.3d 78, 80 (2d Cir. 2013) (internal quotation marks and alterations omitted).[1]

**III.   Mandamus Act**

Even if plaintiff's claims were not moot, they would fail on the merits.

The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  That mandamus is an "extraordinary remedy" is well established.  Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988).  To warrant relief under Section 1361, a plaintiff must establish: "(1) a clear right [] to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) [that] no other adequate remedy [is] available."  Anderson v. Bowen, 881 F.2d 1, 5 (2d Cir. 1989) (citation and internal quotation marks omitted).

Where, as here, the APA provides an alternative remedy, plaintiff cannot satisfy the requirement that "no adequate remedy [be] available."  Id.; see, e.g., Xu v. Cissna, 434 F. Supp. 3d 43, 56 (S.D.N.Y. 2020) (dismissing mandamus claim for undue delay reasoning that "an alternative adequate remedy would be possible under the APA," even if such remedy was not available under the particular circumstances of the suit before the Court).  Therefore, plaintiff's claim for relief under Section 1361 is dismissed.

---

[1] Plaintiff's remaining claim under the Declaratory Judgment Act is also dismissed for this same reason.

IV.     **Administrative Procedure Act**

    A.     **Legal Standard**

The APA, in turn, provides that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). Further, the Act requires that courts shall "compel agency action unlawfully withheld or unreasonably delayed." Id. § 706(1). Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004).

To determine whether an agency's adjudication delay is reasonable under the APA, courts regularly apply the six factors set forth in Telecommunications Research & Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) (the "TRAC factors"). They are:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable in the enabling statute [it] may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

Families for Freedom v. Napolitano, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009) (quoting id. at 80) (cleaned up). Notably, even considering these factors, "[t]he Supreme Court has held that evidence of the passage of time cannot, standing alone," cannot support a claim for unreasonably delayed administrative action." Espin v. Gantner, 381 F. Supp. 2d 261, 266 (S.D.N.Y. 2005) (citing INS v. Miranda, 459 U.S. 14 (1982)).

In applying the "competing priority" TRAC factor, the D.C. Circuit has held that it is appropriate to "refuse[ ] to grant relief, even though all the other factors considered in TRAC favor[ ] it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain." Mashpee Wampanoag Tribal Council,

4

Inc. v. Norton, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (quoting In re Barr Labs., Inc., 930 F.2d 72, 75 (D.C. Cir. 1991)) (internal quotation marks omitted). The Court in Mashpee noted that there was "no evidence the agency had treated the petitioner differently from anyone else, or that officials not working on [the petitioner]'s matters were just twiddling their thumbs." Id. at 1100-01. The Court favorably determined that the district court recognized this concern when it found that "[n]ot only must [the agency] juggle competing duties . . . but the injury claimed by [the plaintiff] is applicable to all groups petitioning for [the same relief]." Id. at 1101 (internal quotations omitted).

      B.      **Application**

The plaintiff's claim of unreasonable delay is predicated almost entirely on the passage of time and the agency's refusal to provide a compelling explanation for the delay as it relates to his application.

However, a mere delay of approximately two years is a plainly inadequate ground to grant APA relief. Many Courts within this Circuit has reached this same conclusion. See, e.g., Al Saidi v. U.S. Embassy in Djibouti, 2021 WL 2515772, at *4 (E.D.N.Y. June 18, 2021) ("[C]ourts in this circuit have repeatedly found that delays of as long as five years in USCIS's adjudication of immigration benefits are not unreasonable.") (citing Almakalani v. McAleenan, 527 F. Supp. 3d 205, 225 (E.D.N.Y. 2021)); De Oliveira v. Barr, No. 19-cv-1508, 2020 WL 1941231, at *4 (E.D.N.Y. Apr. 22, 2020) (same); Gong v. Duke, 282 F.Supp.3d 566, 568 (E.D.N.Y. Oct. 18, 2017) (citing district court opinions that have concluded delays under four years are reasonable). This is especially true where such a delay is well within the range of typical processing times. Here, plaintiff's twenty-six-month wait is far below the approximately forty-four-month upper range for processing times for I-485 applications. Plaintiff has cited no case law from this Circuit suggesting otherwise.

To avoid certain dismissal, plaintiff attempts to argue in his opposition that considerations other than the passage of time are present here. See Espin, 381 F. Supp. 2d at 266. Even if I could consider these allegations given that he did not include them in his complaint, see Moses v. Apple Hospitality REIT, Inc., No. 14-cv-3131, 2016 WL 8711089, at *7 (E.D.N.Y. Sept. 30, 2016), they are not enough to save his claim.

Referring to the third and fifth TRAC factors, plaintiff contends that the delay in adjudication of his application has led to the denial of his ability to "freely travel outside the U.S.", have peace of mind about his ability to remain in the country, and potentially marry someone who is not a legal U.S. resident or citizen. As defendants point out, some of plaintiff's alleged grievances may be unfounded –as an asylee, he is entitled to obtain travel authorization – and others appear to be purely speculative – plaintiff has never claimed that he wished to marry a non-U.S. resident. Certainly though, emotional well-being is a valid consideration. But angst in the pursuit of asylum is hardly unique to plaintiff.

Here, the competing-priority factor counsels against affording plaintiff relief. To grant plaintiff relief would simply jump him ahead of others and push everyone else further back. See Yan Chen v. Nielsen, No. 17-cv-7157, 2018 WL 1221130, at *2 (E.D.N.Y. Mar. 8, 2018) ("There are many other applicants who have waited even longer than plaintiff; to grant her priority is to push them further back in line when the only difference between them is that plaintiff has brought a federal lawsuit."); L.M. v. Johnson, 150 F. Supp. 3d 202, 213 (E.D.N.Y. 2015); Pesantez v. Johnson, No. 15-cv-1155, 2015 WL 5475655, at *4 (E.D.N.Y. Sept. 17, 2015); Li v. Chertoff, No. 07-cv-3836, 2007 WL 4326784, at *6 (E.D.N.Y. Dec. 7, 2007). There are approximately 7,600 applicants ahead of plaintiff, many, or all of whom, also share plaintiff's concerns and anxieties. Courts are ill-equipped to decree those priorities, and even if they could,

it would be unfair to applicants who have been waiting longer than a plaintiff just because the plaintiff has chosen to sue.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. This case is dismissed.

**SO ORDERED.**

Digitally signed by Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
April 8, 2022

7